### HENRY C. HART *v.* GEORGE DIGGS, ET AL.

**Fraud in Sale of Real Estate.**

> Where it is shown that the family physician of a poor colored man, of a weak mental nature, the physician having great influence over him, sells to such patient a house and lot for more than double their value, the purchaser being intoxicated at the time, the chancellor will refuse to sustain the application of the seller for specific performance.

#### APPEAL FROM CLARK CIRCUIT COURT.

January 29, 1879.

OPINION BY JUDGE ELLIOTT:

This action was brought by appellant on the asserted contract of appellee to pay him $600 for a house and lot in Winchester, Ky., $350 of which was due at the beginning of this action, and the balance fell due during its progress.

The defense set up is the incapacity of appellee, at the time he signed the contract, to understand its nature and effect by reason of his intoxicated condition at the time, and which condition of mind he says was superinduced by the fraud of appellant in furnishing him the whisky and making him very drunk for the purpose of selling him the house and lot at largely more than their real worth, and on which he was successful. He further states that appellant has not a good title to the land.

The suit was brought at law, but was properly transferred to equity because it was substantially a suit for specific execution of the contract by the appellant and of rescission of the contract by the appellee. On these issues much evidence was taken, and on hearing the lower court dismissed the plaintiff's petition, and he appeals.

The evidence as to the mental condition of appellee, or as to whether he was intoxicated at the time the contract was executed, is conflicting; but the evidence does establish the fact that appellant

had been the family physician of appellee and had influence over him, and that he, the appellee, had a pliant disposition, easily controlled but feeble intellect, or intellect below the average negro. It was also in evidence that on the day of the contract he was drunk, which fact is contradicted by appellant and one or two witnesses. But the fact that appellant sold the house and lot to this ignorant confiding colored man at more than twice their worth, and that he was his family physician and as such had considerable influence with the colored man, who was of a weak nature, are fully established by the evidence. Besides, the title of appellant was put in issue, and he only shows by way of title the deed of Massie and wife.

Before the court was authorized to enforce a specific execution of the contract the appellant should have shown a derivation of title from the commonwealth, or such a length of possession, claiming the property as his own, as would place his title beyond dispute. This he did not do.

The lower court dismissed appellant's action with far superior advantages to this court as to the character and standing of the witnesses who testified, most of whom were colored people, and we cannot say that the judgment was erroneous on either issue made by appellee. The sale of the house and lot to an ignorant colored negro at twice their worth so soon after keeping open house and entertaining and making the colored boy very drunk, together with the evidence of appellee's condition at the time of the contract, fully authorized the court to refuse the relief asked by appellant, and on the other hand to dismiss his action.

Wherefore the judgment is *affirmed*.

*Houston, Tucker & Buckner, for appellant.*

*L. Hathaway, for appellees.*